UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT

| | |
|---|---|
| **DAN E. FITCH** ) | |
| ) | |
| **Plaintiff** ) | |
| v. ) | **CIVIL ACTION NO._____** |
| ) | |
| **KENTUCKY STATE POLICE,** ) | |
| **KENTUCKY TRANSPORTATION** ) | |
| **CABINET, JOSHUA PIGMAN,** ) | |
| individually and in his official capacity, ) | **Electronically filed** |
| and **WILLIAM MOORE**, individually and ) | |
| in his official capacity, **COMMERCIAL** ) | |
| **VEHICLE ENFORCEMENT,** and ) | |
| currently unknown  **JOHN DOES 1 - 3,** ) | |
| individually and in their official capacity ) | |
| ) | |
| **Defendants** ) | |

**VERIFIED COMPLAINT**
**FOR INJUNCTIVE RELIEF AND DAMAGES**

Pursuant to 42 U.S.C. §1983, 42 U.S.C. §12132, and 29 U.S.C. § 794, Plaintiff Dan E. Fitch brings the following Verified Complaint for damages and injunctive relief against Defendants Kentucky Transportation Cabinet, Kentucky State Police, Joshua Pigman, Commercial Vehicle Enforcement, Inspector William A. Moore, and three John Does, and states as follows:

**NATURE OF THE CONTROVERSY**

1. This action stems from Defendants' involvement in the wrongful arrest and detention of Plaintiff on December 20, 2009, on the charge of operating a motor vehicle while intoxicated.

2. As is set forth herein, Plaintiff was not operating a motor vehicle while intoxicated, no probable cause existed to arrest him on this charge and all charges against him

were later dismissed due to the utter absence of evidence. In actuality, the circumstances leading to Plaintiff's arrest and incarceration were created by Defendants' failure to properly accommodate his disabilities and their discriminatory conduct in dealing with these disabilities.

3. This is an action for damages and injunctive relief against Defendants and is brought pursuant to 42 U.S.C. §1983, *et seq.,* 42 U.S.C. §12132, *et. seq.*, 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act), and any other applicable state or federal law.

4. Pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages against the Defendants for injuries resulting from their violations of his civil rights as well as prospective injunctive relief to protect both him and any other similarly situated individuals.

5. Pursuant to 42 U.S.C. §1988, Plaintiff seeks the reasonable attorney fees incurred in bringing and prosecuting this action.

6. Pursuant to 42 U.S.C. §12132, *et seq.* and 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act), Plaintiff seeks damages against the Defendant for injuries resulting from Defendants' discrimination and failure to reasonably accommodate his disabilities.

7. Pursuant to 42 U.S.C. §12132, *et seq.* and 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act), Plaintiff seeks prospective injunctive relief to protect both him and any other similarly situated individuals as well as all reasonable attorney fees incurred in bringing and prosecuting this action.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties and subject matter of this dispute pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

9. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which all or a substantial part of the events giving rise to this action occurred.

**PARTIES**

10. Plaintiff is a resident of Cartersville, Georgia.

11. Plaintiff suffers from disabilities including diabetes and impairments which affect his equilibrium, balance and hearing. He is a diagnosed non-insulin dependent diabetic who has mastoids behind both ears and a hole in his left eardrum.

12. Plaintiff has been a commercial truck driver for the past thirty-seven (37) years. He is currently fifty – five (55) years of age.

13. Plaintiff's job-skills are limited to the commercial truck driving industry and it is unlikely he can obtain comparable paying employment in another industry or profession at this point in his career.

14. Defendants Kentucky Transportation Cabinet, Kentucky State Police and Commercial Vehicle Enforcement are government agencies of the Commonwealth of Kentucky.

15. Upon all information and belief and at all relevant times herein, Defendants Kentucky Transportation Cabinet, Kentucky State Police, Commercial Vehicle Enforcement and/or other currently unknown entities or individuals supervise, operate and/or oversee, in whole or in part, the truck weigh station which is located on I-64 at approximately mile marker 148 in Rowan County, Kentucky at or near Morehead, Kentucky.

16. When the events described herein occurred, Defendant Joshua Pigman was acting as a uniformed officer, employee and/or agent of Defendant Kentucky State Police. In this capacity he came to the aforementioned weigh station detaining, searching, interrogating and

ultimately wrongfully arresting and criminally charging Plaintiff with operating his truck while under the influence of alcohol. As such, he was acting under "color of state law."

17. Plaintiff is suing Defendant Joshua Pigman in both his individual and official capacity.

18. When the events described herein occurred, Defendant Inspector William A. Moore, along with the three John Doe Defendants, were acting as uniformed officers, employees and/or agents of Defendant Kentucky Transportation Cabinet, Defendant Kentucky State Police, Defendant Commercial Vehicle Enforcement and/or other currently unknown entities or individuals that supervise, operate and/or oversee the aforementioned weigh station.

19. In this capacity Defendant Inspector William A. Moore, in conjunction with the three John Doe Defendants, oversaw, supervised, operated and/or worked at the aforementioned weigh station. They detained, searched, interrogated and ultimately brought about the wrongful arrest and criminal charging of Plaintiff. As such, they were all acting under "color of state law."

20. Plaintiff is suing Defendant Inspector William A. Moore and the three John Doe Defendants in both their individual and official capacities.

21. The three John Doe Defendants are further described as one individual dressed in a similar uniform as Defendant Inspector William A. Moore and working alongside him as well as two other individuals who were both dressed in khaki uniforms and appeared to be in the process of being trained by Defendant Inspector William A. Moore.

**FACTUAL ALLEGATIONS SUPPORTING
PLAINTIFF'S CLAIMS AGAINST DEFENDANTS**

22. Plaintiff is disabled and suffers from diabetes and impairments which affect his equilibrium, balance and hearing.

4

23. As a result of Plaintiff's diabetes, his body produces "ketones" which cause him to exude a sweet/fruity odor.

24. The above-described phenomenon is a well-known effect of diabetes.

25. In addition to suffering from diabetes, Plaintiff has mastoids behind both ears and a hole in his left eardrum. These impairments affect his equilibrium, balance and hearing.

26. On or about December 20, 2009, Plaintiff was employed as a commercial truck driver by JLT Enterprises, Inc.

27. While traveling on I-64 westbound through Kentucky, Plaintiff was required to stop at the aforementioned weigh station.

28. Upon all information and belief and at all relevant times herein, the weigh station was overseen, regulated, supervised and operated by Defendants Kentucky Transportation Cabinet, Kentucky State Police, Commercial Vehicle Enforcement and/or other entities or individuals unknown at this time.

29. When Plaintiff stopped and reported to the weigh station, he encountered Defendant Inspector William A. Moore and the three John Doe Defendants.

30. During this encounter, Defendant Inspector William A. Moore and the three John Doe Defendants told Plaintiff he smelled of alcohol and falsely accused him of operating his truck while intoxicated.

31. Plaintiff attempted to courteously explain to them that the smell emanating from him was a byproduct of his diabetes and informed them that he had not consumed any alcohol.

32. During this encounter, Plaintiff did not display any objective signs of intoxication or drunkenness, nevertheless, Defendant Joshua Pigman of the Kentucky State Police was summoned to the weigh station on the false allegation that Plaintiff was drunk.

33. Prior to summoning Defendant Joshua Pigman, no steps were taken to determine whether Plaintiff was in fact intoxicated or had been drinking. No steps were taken to verify that Plaintiff's diabetic condition was the source of the sweet/fruity odor emanating from him.

34. Following Defendant Joshua Pigman's arrival at the weigh station, Plaintiff again reiterated to the Defendants that the smell emanating from him was a byproduct of his diabetes and that he had not consumed any alcohol.

35. During the above-described conversation, Plaintiff did not display any signs of intoxication or drunkenness and all records of this encounter verify that Plaintiff was not behaving in a manner that would lead an ordinarily prudent person in Defendants' position to believe that Plaintiff was intoxicated.

36. Despite the utter absence of any evidence indicating that Plaintiff was intoxicated, Defendants heatedly and repeatedly accused Plaintiff of operating a motor vehicle while intoxicated.

37. To disprove this accusation, Plaintiff requested that a breath test be performed to demonstrate that he had not consumed any alcohol. He also informed them of his diabetic condition as well as the impairments which affect his equilibrium, balance and hearing. He showed them documents from the Federal Department of Transportation in relation to his Commercial Driver's License known as a "pocket card" and a "long form" which documented a medical examination certification. Plaintiff explained that he was required to submit to a medical physical examination bi-annually which included both drug and alcohol screening.

38. Despite this request, a breath test was not administered to Plaintiff at any time.

39. Upon all information and belief, on or about December 20, 2009, the weigh

station was not equipped with the equipment necessary to administer a breath test to Plaintiff and other similarly situated individuals.

40. Upon all information and belief, on or about December 20, 2009, Defendant Joshua Pigman either failed to have with him or obtain the equipment necessary to administer a breath test to Plaintiff or improperly refused to administer a breath test to Plaintiff despite possessing or having access to the necessary equipment to do so.

41. Instead of administering a breath test to Plaintiff, Defendants forced him to perform a series of tasks that were designed to test his balance and equilibrium.

42. Prior to Defendants forcing Plaintiff to perform these tasks, Plaintiff informed them that his physical disabilities impaired his equilibrium and prevent him from performing acts that involved balancing, nevertheless, Defendants still attempted to test his balance and equilibrium for the purported purpose of determining whether he was intoxicated.

43. Due to his physical disabilities, Plaintiff could not perform the aforementioned tasks and he was thereafter arrested by Defendant Joshua Pigman and charged with operating a motor vehicle while intoxicated.

44. Defendants lacked any reasonably articulable suspicion or probable cause to stop, detain, search, interrogate, arrest or charge Plaintiff.

45. After Defendant Joshua Pigman arrested Plaintiff, he was driven by him at times at a high rate of speed in a dangerous manner to a hospital where three (3) vials of blood were drawn from him and taken as evidence and he was thereafter jailed and detained at the Rowan County Jail/Morehead City Jail.

46. Many hours later Plaintiff appeared before a judge who set a bond and he was taken in shackles to an ATM machine to withdraw money to post his bond. Upon release, he

retrieved his truck and immediately drove it to a Wal-Mart to deliver the load which was rejected due to late delivery. The load contained hams.

47. When Plaintiff's blood was tested by Brittany B. Givens, a forensic scientific specialist at the Southeastern Laboratory Branch of the Defendant Kentucky State Police in London, Kentucky, it was found to contain no alcohol. This, of course, confirmed Plaintiff's prior statements to Defendants that he had not been drinking and demonstrated unequivocally that he had absolutely **no** alcohol in his system at the time of his arrest.

48. Based upon the utter absence of evidence indicating intoxication, the Rowan County's Attorney's Office moved to dismiss all charges against Plaintiff brought by Defendant Joshua Pigman by way of Uniform Citation control number J-789976 in Rowan County District Court case number 09-M-01312 and the Honorable judge William H. Roberts presiding dismissed the case finally on April 7, 2010.

49. Plaintiff incurred expenses to retain the Honorable attorney Stephen J. Isaacs of Lexington, Kentucky to advise, appear for, represent and defend him in the matter.

50. Despite dismissal of Plaintiff's case, Defendants publicized his arrest for operating a motor vehicle while intoxicated on various databases including an Internet website through the Department of Transportation which lists Plaintiff and his employer JLT Enterprises, Inc. as in violation of the Federal Motor Carrier Safety Regulations § 392.4 and 392.5. The report states that Plaintiff "uses or is in possession of drugs" and that he was "in possession of, in use of or under the influence of alcohol within four (4) hours prior to driving duty." All of these statements were and are patently false and without any factual basis whatever.

51. Due to Plaintiff's arrest for operating a motor vehicle while intoxicated, he was dismissed by his employer JLT Enterprises, Inc.

52.     Despite dismissal of the case against Plaintiff, various databases used by the commercial trucking industry identify Plaintiff as having been arrested for operating a motor vehicle while intoxicated and, as a result, he has been unable to obtain employment as a commercial truck driver despite his best efforts.

53.     Due to Plaintiff's false arrest for operating a motor vehicle while intoxicated and the publication of this arrest by Defendants on various databases, Plaintiff has been falsely and unfairly stigmatized. He lacks the means to clear his name of the above-described false charges being reported.

54.     Due to Plaintiff's false arrest for operating a motor vehicle while intoxicated and the publication of this arrest by Defendants on various databases, Plaintiff has sustained severe emotional damages in the form of defamation, humiliation, injury to reputation, stigmatization and embarrassment due to being portrayed in false light.

55.     Due to Plaintiff's false arrest for operating a motor vehicle while intoxicated and the publication of this arrest by Defendants on various databases, Plaintiff has suffered injuries in the form of lost wages, lost employment benefits and lost employment opportunities in an amount to be determined by the jury at trial.

56.     Due to Defendants' failure to properly train, educate and/or equip their staff to deal with disabled individuals such as Plaintiff, he was unnecessarily subjected to false arrest and suffered injuries as described above in an amount to be determined by the jury at trial.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

### COUNT ONE

### Violations of Plaintiff's Fourth Amendment Rights

57. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 56.

58. Pursuant to the Fourth Amendment of the United States Constitution, as incorporated and applied to the States through the Fourteenth Amendment of the United States Constitution, a warrantless arrest requires reasonable probable cause.

59. Defendants did not possess reasonable probable cause to arrest Plaintiff for operating a motor vehicle while intoxicated.

60. The facts and circumstances known to Defendants were not sufficient to lead a prudent person in similar circumstances to suspect that Plaintiff was operating a motor vehicle while intoxicated.

61. Plaintiff was not operating a motor vehicle while intoxicated.

62. Due to the utter absence of evidence indicating that Plaintiff was operating a motor vehicle while intoxicated, his case was dismissed.

63. Defendants failed to take the reasonable precautions necessary to protect Plaintiff and other similarly situated disabled individuals' Fourth Amendment rights.

64. In violation of 42 U.S.C. § 1983, the Defendants, acting under "color of state law," individually and collectively, violated Plaintiff's Fourth Amendment rights by causing him to be wrongfully and falsely arrested for operating a motor vehicle while intoxicated.

65. As a result of Defendants' violation of Plaintiff's Fourth Amendment rights, he has incurred damages in the form of extreme emotional distress, lost wages and employment benefits and lost employment opportunities in an amount to be determine by the jury at trial.

66. Plaintiff and other disabled individuals similarly situated require prospective protection of their Fourth Amendment rights and, therefore, seek injunctive relief in the form of requiring Defendants to train and educate all personnel and staff regarding diabetes causing ketone production which results in a sweet/fruity odor.

67. Plaintiff and other disabled individuals similarly situated require prospective protection of their Fourth Amendment rights and, therefore, also seek injunctive relief in the form of requiring Defendants to train and educate all personnel and staff regarding disabilities that impair equilibrium and balance.

68. Plaintiff and other disabled individuals similarly situated require prospective protection of their Fourth Amendment rights and, therefore, also seek injunctive relief in the form of requiring Defendants to use alternative means of testing disabled individuals with impaired equilibrium/balance in a manner that does not require them to perform tasks involving balancing.

69. Plaintiff and other disabled individuals similarly situated require prospective protection of their Fourth Amendment rights and, therefore, also seek injunctive relief in the form of requiring Defendants to equip all weigh stations with the equipment necessary to administer reasonably accurate breath tests that can detect evidence of alcohol consumption and intoxication.

70. Plaintiff and other disabled individuals similarly situated require prospective protection of their Fourth Amendment rights and, therefore, also seek injunctive relief in the

form of requiring Defendants to equip all Kentucky State Police officers and Commercial Vehicle Enforcement officers with the equipment necessary to administer breath tests to allegedly intoxicated individuals.

## COUNT TWO

### Violations of Plaintiff's Due Process Rights

71. Plaintiff restates and incorporates herein by reference the allegations contained paragraphs 1 through 70.

72. Pursuant to the Due Process Clause of the 14th Amendment to the United States Constitution, Plaintiff holds a constitutionally protected liberty interest in maintaining his means of livelihood, continued employment, his good name and reputation free from false, stigmatizing, and defamatory statement(s) causing him professional and/or personal harm.

73. Pursuant to the Due Process Clause of the 14th Amendment of the United States Constitution, Plaintiff possesses a constitutionally protected property interest in his means of livelihood and continued employment.

74. In violation of 42 U.S.C. § 1983, Defendants acted under the color of law to deprive Plaintiff of his constitutionally protected property interests in his means of livelihood and continued employment by posting information on various databases regarding his arrest for operating a vehicle while intoxicated despite knowledge that this information was misleading or had the potential to portray him in a false light.

75. In violation of 42 U.S.C. § 1983, Defendants acted under color of law to make defamatory statements about Plaintiff and stigmatize his reputation in order to deprive him of his right to maintain his means of livelihood and make a living free from unreasonable government interference.

76. Despite the dismissal of all charges against Plaintiff, Defendants have not removed the above-described information from the aforementioned databases. Nor have they taken any steps to correct the misimpressions created by publicizing this information.

77. The above-described information indicates that Plaintiff was arrested for operating a motor vehicle while intoxicated but it does not reflect that all charges against him were dismissed due to the utter absence of evidence indicating that he was intoxicated.

78. As a result of Defendants publicizing this misleading information, portraying Plaintiff in a false light and creating the false impression Plaintiff was operating a motor vehicle while intoxicated, Plaintiff was terminated from his position as a commercial truck driver by JLT Enterprises, Inc. and has been unable to obtain employment in the commercial truck driving industry since.

79. Defendants deprived Plaintiff of his constitutionally protected property interests without providing a constitutionally adequate means for him to correct the misleading information which Defendants publicized on various databases.

80. Based upon the irreparable injury resulting from the Defendants' deprivation of Plaintiff's property interests in his means of livelihood and continued employment, Plaintiff has no other adequate remedy at law.

81. Defendants' deprivations of Plaintiff's property rights in his means of livelihood and continued employment without due process of law have caused him substantial injuries including, but not limited to, deprivation of his means of livelihood, the loss of income and benefits, and emotional distress and humiliation, in violation of his rights under the Due Process clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

82. As a result of Defendants' violating Plaintiff's Fourteenth Amendment Due Process rights, Plaintiff has incurred damages in the form of extreme emotional distress, lost wage and employment benefits and lost employment opportunities in an amount to be determine by the jury at trial.

83. Defendants should be preliminarily and permanently enjoined from further publicizing Plaintiff's arrest for operating a motor vehicle while intoxicated.

84. Plaintiff seeks prospective injunctive relief against Defendants in the form of an Order from the Court requiring Defendants to remove information regarding Plaintiff's arrest from all databases and taking all possible measures to inform Plaintiff's former employer, his prospective employers and all insurance companies involved that Plaintiff was falsely arrested for operating a motor vehicle while intoxicated and that all charges against him were dismissed because the evidence unequivocally established that he was not intoxicated and had not been operating a motor vehicle while intoxicated.

## COUNT THREE

### Violations of Plaintiff's Sixth Amendment Rights

85. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 84.

86. Pursuant to the Sixth Amendment of the United States Constitution, as incorporated and applied to the States through the Fourteenth Amendment of the United States Constitution, an individual may not be detained or incarcerated absent reasonable probable cause that he has committed a criminal act.

87. Defendants detained and incarcerated Plaintiff without reasonable probable cause that he had committed a criminal act.

88. The facts and circumstances known to Defendants were not sufficient to lead an ordinarily prudent person in similar circumstances to suspect that Plaintiff had committed a criminal act nor were those facts and circumstances sufficient grounds for detaining, searching, interrogating or incarcerating him.

89. Due to the utter absence of evidence indicating that Plaintiff had committed a criminal act, his case was dismissed.

90. Defendants failed to take the reasonable precautions necessary to protect Plaintiff and other similarly situated disabled individuals' Sixth Amendment rights.

91. In violation of 42 U.S.C. § 1983, the Defendants, acting under color of state law, individually and collectively, violated Plaintiff's Sixth Amendment rights by wrongfully detaining and incarcerating him for operating a motor vehicle while intoxicated.

92. As a result of Defendants' violating Plaintiff's Sixth Amendment rights, he has incurred damages in the form of extreme emotional distress, lost wage and employment benefits and lost employment opportunities in an amount to be determine by the jury at trial.

93. To prospectively protect Plaintiff and other similarly situated disabled individuals' Sixth Amendment rights, Plaintiff seeks injunctive relief in the form of requiring Defendants to train and educate all personnel and staff regarding diabetes causing ketone production which results in a sweet/fruity odor.

94. To prospectively protect Plaintiff and other similarly situated disabled individuals' Sixth Amendment rights, Plaintiff seeks injunctive relief in the form of requiring Defendants to train and educate all personnel and staff regarding disabilities that impair equilibrium/balance.

95. To prospectively protect Plaintiff and other similarly situated disabled individuals' Sixth Amendment rights, Plaintiff seeks injunctive relief in the form of requiring Defendants to

use alternative means of testing disabled individuals with impaired equilibrium/balance in a manner that does not require them to perform tasks involving balancing.

96. To prospectively protect Plaintiff and other similarly situated disabled individuals' Sixth Amendment rights, Plaintiff seeks injunctive relief in the form of requiring Defendants to equip all weigh stations with the equipment necessary to administer breath tests.

97. To prospectively protect Plaintiff and other similarly situated disabled individuals' Sixth Amendment rights, Plaintiff seeks injunctive relief in the form of requiring Defendants to equip all Kentucky State Police officers and Commercial Vehicle Enforcement officers with the equipment necessary to administer breath tests to allegedly intoxicated individuals.

## COUNT FOUR

### Violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act

98. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 97.

99. As previously set forth, Plaintiff is disabled and suffers from diabetes and other physical impairments.

100. Defendants negligently and recklessly failed to provide reasonable accommodations to Plaintiff in the form of properly training and equipping their personnel.

101. These failures include, but are not limited to, Defendants' failure to train and educate their personnel on common aspects of diabetes and how to deal with them, failing to properly equip the weigh station with equipment necessary to administer a breath test, failing to equip their enforcement officers with equipment necessary to administer a breath test, failing to train and educate their personnel on how to deal with disabled individuals whose impairments

prevent them from performing task that require balancing and failing to design alternative field tests not involving tasks that require balancing.

102. Defendants' failures created the circumstances leading to Plaintiff's false arrest and detention.

103. Defendants discriminated against Plaintiff on the basis of his disabilities.

104. The only grounds cited for Plaintiff's arrest were the physical symptoms of his impairments.

105. As a result of Defendants' failure to accommodate Plaintiff's disabilities and their discrimination against him on the basis of those disabilities, he has incurred damages in the form of extreme emotional distress, lost wage and employment benefits and lost employment opportunities in an amount to be determine by the jury at trial.

106. To prospectively protect Plaintiff and other similarly situated disabled individuals, Plaintiff seeks injunctive relief in the form of requiring Defendants to train and educate all personnel and staff regarding diabetes causing ketone production which results in a sweet/fruity odor.

107. To prospectively protect Plaintiff and other similarly situated disabled individuals, Plaintiff seeks injunctive relief in the form of requiring Defendants to train and educate all personnel and staff regarding disabilities that impair equilibrium and balance.

108. To prospectively protect Plaintiff and other similarly situated disabled individuals, Plaintiff seeks injunctive relief in the form of requiring Defendants to use alternative means of testing disabled individuals with impaired equilibrium/balance in a manner that does not require them to perform tasks involving balancing.

109. To prospectively protect Plaintiff and other similarly situated disabled individuals, Plaintiff seeks injunctive relief in the form of requiring Defendants to equip all weigh stations with the equipment necessary to administer reasonably accurate breath tests that can detect evidence of alcohol consumption and intoxication.

110. To prospectively protect Plaintiff and other similarly situated disabled individuals, Plaintiff seeks injunctive relief in the form of requiring Defendants to equip all officers with the equipment necessary to administer breath tests to allegedly intoxicated individuals.

## PRAYER FOR RELIEF

**WHEREFORE**, Dan E. Fitch respectfully requests the following relief:

(A)  Trial by jury on all claims so triable;

(B)  A preliminary and permanent injunction prohibiting the Defendants from further violating the Plaintiff's constitutional rights in the form of an Order that:

 (1) prohibits the Defendants from further publicizing Plaintiff's arrest for operating a motor vehicle while intoxicated;

 (2) requires Defendants to remove information regarding Plaintiff's arrest from all databases and taking all possible measures to inform Plaintiff's former employer, his prospective employers and all insurance companies that Plaintiff was falsely arrested for operating a motor vehicle while intoxicated and that all charges against him were dismissed because the evidence unequivocally established that he was not intoxicated and had not been operating a motor vehicle while intoxicated;

 (3) Requires Defendants to train and educate all personnel and staff regarding diabetes causing ketone production which results in a sweet/fruity odor;

  (4) Requires Defendants to train and educate all personnel and staff regarding disabilities that impair equilibrium and balance;

  (5) Requires Defendants to use alternative means of testing disabled individuals with impaired equilibrium/balance in a manner that does not require them to perform tasks involving balancing;

  (6) Requires Defendants to equip all weigh stations with the equipment necessary to administer reasonably accurate breath tests that can detect evidence of alcohol consumption and intoxication; and

  (7) Requires Defendants to equip all officers with the equipment necessary to administer breath tests to allegedly intoxicated individuals.

(C) Compensatory, consequential and incidental damages in amount to be proven at trial;

(D) Punitive damages in an amount to be proven at trial;

(E) Reasonable costs including attorneys' fees;

(F) Any and all other relief to which the Plaintiff may be entitled and justice or equity demands; and

(G) Leave to freely amend in conformity with discovery of additional facts.

Respectfully submitted,

/s/   Kevan M. Doran
Kevan M. Doran
Doran law Office
436 South 7th Street, Suite 200
Louisville, Kentucky 40203
Phone:  (502) 855-3151
Fax: (502) 855-3166
kdoran@thedoranlawoffice.com

and

Respectfully submitted,

/s/ James C. Puszczewicz
James C. Puszczewicz
ZZZ Legal
436 S. 7th St., Suite 200
Louisville, KY 40203
(502) 855 – 3145 Office
(502) 855 – 3166 Fax
jim@zzzlegal.com

## **VERIFICATION**

I have read the foregoing Verified Complaint against the Defendants set forth herein and verify that the allegations are true as I verily believe.

_____
Dan E. Fitch


STATE OF KENTUCKY        )
                         ) SS:
COUNTY OF JEFFERSON      )

Subscribed and sworn to before me by Dan E. Fitch on this ____ day of July, 2010.

_____
Notary Public

My Commission expires: _____