UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DAN E. FITCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-49-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE POLICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Dan Fitch is a commercial truck driver who suffers from diabetes which affects his equilibrium, balance and hearing.[1] He claims that he was wrongfully arrested on December 20, 2009, and charged with operating a motor vehicle while intoxicated. The incident giving rise to this action occurred at a truck weigh station in Rowan County, Kentucky.

Fitch filed this action against the Kentucky Transportation Cabinet ("KTC"), the Kentucky State Police ("KSP"), Commercial Vehicle Enforcement ("CVE"), KSP officer Joshua Pigman ("Pigman"), Vehicle Inspector Officer William A. Moore ("Moore") and three John Doe defendants. The matter is now pending for consideration of several motions to dismiss or for summary judgment filed by Defendants KSP and Moore [Record No. 3], CVE [Record No. 6], and the KTC [Record No. 10]. The defendants' motions seek dismissal of some or all of the claims against them for a number of reasons, including Eleventh Amendment immunity, failure

---

[1] For purposes of the present motions, the factual summary is taken from the Plaintiff's Complaint filed herein on August 4, 2010.

to state a claim under the Rehabilitation Act and/or the Americans With Disabilities Act, failure to state a claim under the Sixth Amendment, failure to state a claim for a violation of procedural due process, and based on the fact that Defendant CVE was reorganized as a division within the Kentucky State Police as of August 16, 2008. Thus, with respect to this latter argument, the CVE asserts that it was not a legal entity capable of being sued at the time of the incident in question.

The initial motions were filed on September 14 and 15, 2010. [Record Nos. 3, 6][2] On September 21, 2010, the Court extended the time to respond to these motions until October 26, 2010. [Record No. 9] However, for reasons not apparent in the record, the plaintiff did not file a timely response. Instead, On October 26, 2010, the parties tendered an Agreed Order which sought to further extend the time for responding to these motions until November 1, 2010. [Record No. 12] That request was denied on October 27, 2010.

---

[2] Defendant Kentucky Transportation Cabinet filed its motion to dismiss on October 5, 2010, incorporating the arguments contained in the earlier motion filed by Defendants KSP and Moore. On October 27, 2010, the plaintiff filed the following response in opposition to the motion:

> KTC's motion perfunctorily asserts that Plaintiff's "complaint fails to state a claim for which relief may be granted" and adopts by reference the motion to dismiss previously filed by the Kentucky State Police ("KSP"). Absent from KTC's four sentence filing is any substantive rationale fro dismissing the claims against it.
>
> Since KTC's motion simply incorporates by reference KSP's earlier motion, Plaintiff's Response to KSP's motion – which is currently scheduled to be filed with the Court on October 26, 2010 – also suffices to serve as a Response to KTC's motion. Accordingly, for the reasons which will be set forth in Plaintiff's Response to KSP's September 14, 2010 Motion to Dismiss, Plaintiff respectfully requests that the Court deny KTC's motion to dismiss and allow this case to move forward on its merits against the Defendant.

[Record No. 14] As noted above, the plaintiff has failed to file any response to the motion filed by Defendants KSP and Moore. Therefore, nothing has been incorporated concerning the motion filed by Defendant KTC.

As of this date, the plaintiff has not responded to any of the pending motions to dismiss or for summary judgment. Thus, the Court will consider the motions without the benefit of a response. Having considered this matter, the Court finds the defendants' arguments in support of their motions to be well-taken. Accordingly, the partial relief they seek will be granted.

## I. The Standard of Review

To the extent that the defendants seek dismissal of counts and/or claims based on Eleventh Amendment immunity, the Court will consider the defendants' motions under Rule 12 of the Federal Rules of Civil Procedure. Likewise, dismissal under Rule 12 is appropriate where the Court is able to take judicial notice of certain facts, including relevant dates and contents of executive orders of state government officials. Therefore, CVE's motion will be considered under Rule 12. However, the Court has also considered the affidavit of KSP Sergeant Tristan Truesdell regarding the manner in which a person holding a commercial driver's license may seek to have improper or inaccurate information removed from the Federal Motor Carriers Safety Administration data base. With respect to this issue, the Court considers the defendants' motions under Rule 56, Fed. R. Civ. P.

### A. The Defendants' Motions To Dismiss Under Rule 12

Under Rule 12 of the Federal Rules of Civil Procedure, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). However,

the Court is "not bound to accept as true a legal conclusion couched as a factual allegation" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In other words, the plaintiff's arguments "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Heightened fact pleading of specifics is not required – only enough facts to state a claim to relief that is plausible on its face. *See Bassett*, 528 F.3d at 426. The Court may consider the complaint, as well as "any exhibits attached thereto, public records, [and] items appearing in the record of the case." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

### B. The Defendants' Motions For Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. Thus, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) . Once this burden has been met, the party opposing summary judgment must "'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party cannot merely rely upon assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 324. Furthermore, "evidence submitted in opposition to a motion for summary judgment must be admissible." *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (internal quotation and alteration omitted); *see* Fed. R. Civ. P. 56(e) (affidavit opposing summary judgment "must . . . set out facts that would be admissible in evidence[] and show that the affiant is competent to testify on the matters stated").

In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. To survive summary judgment, the nonmoving party must establish the existence of a genuine issue of material fact as to each essential element of its case. *See Celotex*, 477 U.S. at 322.

**II.     The Plaintiff's Allegations and Claims**

Fitch is a 55 year old resident of Georgia. For the past 37 years, he has worked as a commercial truck driver. On December 20, 2009, he was employed by JLT Enterprises, Inc. Fitch states that he suffers from disabilities including diabetes and impairments which affect his

equilibrium, balance and hearing. More particularly, he alleges that he has been diagnosed with non-insulin dependent diabetes and has mastoids behind both ears and a hole in his left eardrum. Fitch asserts that, as a result of his diabetic condition, his body produces "ketones" which cause him to exude a sweet/fruity odor.

Fitch alleges that, on December 20, 2009, while traveling westbound through Kentucky, he was required to stop at a weigh station operated by one or more of the defendants. He contends that he initially encountered Defendant Moore and three unknown defendants. According to Fitch, these defendants told him that he smelled of alcohol and falsely accused him of operating his truck while intoxicated. He further asserts that he attempted to explain that the smell was a by-product of his diabetes and denied any consumption of alcohol. He states that, "during this encounter, [he] did not display any objective signs of intoxication or drunkenness, nevertheless Defendant Joshua Pigman[3] of the KSP was summons to the weigh station on the false allegation that Plaintiff was drunk." [Record No. 1; Complaint, ¶ 32]

Despite his protests, Fitch contends that no steps were taken to determine whether he was in fact, intoxicated or had been drinking. He further asserts that,

> to disprove this accusation, Plaintiff requested that a breath test be performed to demonstrate that he had not consumed alcohol. He also informed them of his diabetic condition as well as the impairments which affect his equilibrium, balance and hearing. He showed them documents from the Federal Department of Transportation in relation to his Commercial Driver's License known as a "pocket card" and a "long form" which documented a medical examination certification. Plaintiff explained that he was required to submit to a medical physical examination bi-annually which included both drug and alcohol screening.

---

[3] It does not appear that Defendant Pigman has been served with process as of this date.

[*Id.* at ¶ 37] Although he provided this information, Fitch claims that he was not administered a breath test. Instead, he was forced to perform a series of tasks designed to test his balance and equilibrium even after he advised the defendants that his conditions prohibited him from correctly performing them. Thereafter, he was arrested by Defendant Pigman and charged with operating a motor vehicle while intoxicated.

Fitch was taken to a local hospital, administered a blood test, and detained at the Rowan County Jail. He asserts that several hours later he was taken before a judge who set bond. He was then taken to an ATM machine to withdraw cash to post the bond set by the judge. Upon release, Fitch retrieved his truck and attempted to deliver the cargo. However, due to late delivery, the cargo was rejected.

Fitch states that the results of the blood test administered at the hospital confirmed his earlier statements to the defendants that he had not consumed alcohol. As a result, the Rowan County Attorney's office moved to dismissed the charges filed against him. The matter was subsequently dismissed on April 7, 2010. [*Id.* at ¶¶ 47, 48] However, based on the allegedly wrongful arrest, Fitch contends that he was dismissed by his employer. Further, he asserts that, despite the dismissal of the charges against him, various databases used by the commercial trucking industry identify him as having been arrested for operating a motor vehicle while intoxicated. As a result, he has been unable to obtain other employment in the trucking industry.

Based on the foregoing allegations, Fitch seeks to assert claims against Defendants KTC, KSP, and CVE because he claims that these entities "supervise, operate and/or oversee, in whole or in part, the truck weigh station which is located on I-64 at approximately mile marker 148 in

Rowan County, Kentucky at or near Morehead, Kentucky." [Record No. 1; Complaint, ¶ 15] Further, he alleges that, at the time of the incident in question, Defendant Joshua Pigman was acting as a uniformed officer or agent of the KSP. According to Fitch, in this capacity, Pigman came to the aforementioned weight station, detaining, searching, interrogating and ultimately wrongfully arresting and criminally charging him with operating his truck while under the influence of alcohol. [*Id.* at ¶ 16] Thus, he asserts claims against Pigman in his individual and official capacity.

With respect to the remaining defendants originally named by Fitch, the plaintiff alleges that, at the time of the incident, Defendant Moore and three John Doe defendants "were acting as uniformed officers, employees and/or agents of Defendant Kentucky Transportation Cabinet, Defendant Kentucky State Police, Defendant Commercial Vehicle Enforcement and/or other currently unknown entities or individuals that supervise, operate and/or oversee the aforementioned weight station." [*Id.* at ¶ 19] These defendants are also sued in their individual and official capacities.

Fitch's claims are asserted under 42 U.S.C. §1983, 42 U.S.C. §12132, and 29 U.S.C. §794 (Section 504 of the Rehabilitation Act). He seeks both monetary damages as well as injunctive relief. Fitch has asserted four separate counts for relief. First, in Count One, the plaintiff asserts that the defendants did not have reasonable cause to arrest him for operating a motor vehicle while intoxicated. Thus, he contends that the defendants violated his rights under the Fourth Amendment to the United States Constitution. He seeks to recover monetary damages for emotional distress, lost wages and employment benefits and lost employment

opportunities as well as injunctive relief under 42 U.S.C. §1983. He asserts similar claims in Count Thee which allege that the defendants' actions in detaining and arresting him without probable cause constitute a violation of his rights under the Sixth Amendment to the United States Constitution. He seeks similar relief for this alleged constitutional violation.

In Count Two, Fitch alleges that the defendants' actions constitute a violation of his rights to due process protected by the Fourteenth Amendment to the United States Constitution. More specifically, he argues that his property interest in his continued employment has been damaged as a result of the defendants posting information on various data bases regarding his arrest for operating a motor vehicle while intoxicated despite knowledge that this information is misleading and has the potential to portray him in a false light. He further argues that the defendants have made defamatory statements and stigmatized his reputation. Again, Fitch seeks both monetary and injunctive relief for these alleged violations pursuant to 42 U.S.C. §1983.

Finally, in Count Four, Fitch seeks to assert claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA"). These claims are based on his alleged disabilities and physical impairments and the assertions that the defendants "negligently and recklessly failed to provide reasonable accommodations to [him] in the form of properly training and equipping their personnel." [*Id.* at ¶ 100] Fitch asserts that these failures include, but are not limited to:

> Defendants' failure to train and educate their personnel on common aspects of diabetes and how to deal with them, failing to properly equip the weigh station with equipment necessary to administer a breath test, failing to equip their enforcement officers with equipment necessary to administer a breath test, failing to train and educate their personnel on how to deal with disabled individuals

whose impairments prevent them from performing task that require balance and failing to design alternative field tests not involving tasks that require balancing.

[*Id.* at ¶ 101] Fitch seeks injunctive relief for this alleged violation.

### III. The Defendants' Motions

#### A. Defendants KSP, KTC and Moore

Defendants KSP, KTC and Moore (to the extent that claims for monetary relief are asserted against him in his official capacity) correctly assert that they are entitled to Eleventh Amendment immunity. Under well-established case law, agencies such as the Kentucky State Police and the Kentucky Transportation Cabinet may not be sued for monetary damages under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Likewise, claims against state officials sued in their official capacities for monetary damages under §1983 are barred by Eleventh Amendment immunity. *Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir. 1998) (under the Eleventh Amendment, a plaintiff cannot sue state employees in their official capacities for monetary damages).

Although the defendants acknowledge that claims for prospective injunctive relief are not barred by the Eleventh Amendment, Moore asserts that such a claim is not appropriately asserted against him because he is not a policy maker for KSP. Thus, such claims should also be dismissed as to him. The Court agrees with this contention and will dismiss claims for prospective injunctive relief to the extent they have been asserted against Moore. *Cf. Swagler v. Harford County*, 2009 WL 1575326, *9 (D.Md., June 2, 2009) (holding certain state police officers were improper Ex Parte Young official defendants under circumstances where the officers were not final policy makers); *Lytle v. Gilmore*, 77 F.Supp.2d 730, 741-42 (E.D.Va.

1999) (dismissing official capacity claims against police officer based on finding that the officer was not an official policy maker).

Based on the authorities cited by the defendants, the claims for monetary damages asserted against Defendants Kentucky State Police, Kentucky Transportation Cabinet, and Defendant William Moore (to the extent that such claims are asserted against him in his official capacity), will be dismissed, with prejudice. Further, to the extent that the plaintiff seeks to assert claims for prospective injunctive relief against Defendant Moore, those claims will be dismissed because the plaintiff has not alleged or demonstrated that Moore has policy making authority.

The defendants have also moved the Court to dismiss Count Four of the plaintiff's complaint which seeks to assert a claim under the Americans with Disabilities Act and/or the Rehabilitation Act. Again, the state-entity defendants argue that they have immunity under the Eleventh Amendment which prevents such claims from being asserted against them under Title I of the ADA. *Robinson v. University of Akron Law School*, 307 F.3d 409 (6th Cir. 2002) (citing *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001), for the proposition that Title I of the ADA is unconstitutionally overbroad as applied to states). Thus, the only possible claims which may be asserted would be premised on a denial of procedural due process under Title II of the Act. *Id.* at 411-12. However, Count Four of Fitch's Complaint

alleges a disparate impact equal protection claim which would not be viable under Title II.[4] Again, the Court agrees with the defendant's contention which the plaintiff has not opposed.

The defendants also point out that the plaintiff has not alleged a necessary element of a claim under the Rehabilitation Act; namely, that the entity receives federal funding. *S.S. v. Eastern Kentucky University*, 431 F.Supp.2d 718, 727, n. 3 (E.D. Ky. 2006); *Paulone v. City of Fredrick*, 2010 WL 605706, *4 (D.Md. 2010). Here, the plaintiff has not alleged that KSP or KTC receives federal funding with respect to any program or activity implicated by the allegations made in the action. Likewise, an arrest does not fall within the definition of another necessary element of a claim under the ADA and the Rehabilitation Act: that the plaintiff is "otherwise qualified" for participation in the program. *See Rosen v. Montgomery County Maryland*, 121 F.3d 154, 157 (4th Cir. 1997) (expressing doubt regarding whether a DUI arrest satisfied the program or activity element of an ADA claim).

With respect to Defendant Moore, the Sixth Circuit has held that there is no individual liability under the ADA or the Rehabilitation Act. *Lee v. Michigan Parole Board*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) ("Lee may not maintain an action under the ADA or the RA against individual defendants identified in his complaint because neither the ADA nor the RA impose liability upon individuals"). Accordingly, Count Four also will be dismissed against this individual defendant.

---

[4] Title II of the ADA provides that: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

Citing *Albright v. Oliver*, 510 U.S. 266, 274 (1994), the defendants next argue that alleged civil rights violations based on claims of pretrial deprivation of liberty interests can only be asserted under the Fourth Amendment. Therefore, Count Three which seeks to assert such a claim under the Sixth Amendment must be dismissed. Additionally, they contend that Fitch's procedural due process claim fails on the merits because he has an adequate remedy to address the claim. *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985). The defendants are correct with respect to both assertions.

As the affidavit of KSP Sergeant Truesdell indicates, to the extent that the plaintiff is seeking to remove safety violations from a Federal Motor Carriers Safety Administration ("FMCSA") database, FMCSA provides a means to request removal of the allegedly incorrect information. If the plaintiff pursues such a remedy, the KSP has the ability to recommend to FMCSA that such violations be removed from Fitch's commercial driver's safety violation record. Accordingly, the plaintiff's claim for injunctive relief relating to failure to remove information from data bases regarding the allegedly wrongful citation and arrest will be dismissed as well.

### B. Defendant CVE

Defendant CVE's motion is straight-forward. It states that, by Executive Order of the Governor of the Commonwealth of Kentucky dated July 14, 2008, it was reorganized as a Division within the Department of the Kentucky State Police, with an effective date of August 16, 2008. Prior to this reorganization, CVE had been organized as a Department within the Justice and Public Safety Cabinet. It has attached to its motion the July 14, 2008, Executive

Order upon which its motion is based. [Record No. 6, Exhibit] Additionally, the Court may take judicial notice of this Executive Order.

Inasmuch as the incident giving rise to this action occurred on December 20, 2009, this defendant is clearly entitled to summary judgment. Based on this reorganization, CVE is not a legal entity capable of being sued apart from the KSP.

**IV.  Conclusion**

The defendants have demonstrated that many of the claims asserted against them in this action should be dismissed, either because they fail as a matter of law or because the undisputed facts demonstrate that they are entitled to judgment in their favor as a matter of law. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Kentucky State Police's and Defendant William Moore's motion to dismiss or, in the alternative, motion for summary judgment [Record No. 3], is **GRANTED**. Likewise, Defendant Kentucky Transportation Cabinet's motion to dismiss [Record No. 10] is **GRANTED**. The claims for monetary damages asserted against Defendant Kentucky State Police and Defendant Kentucky Transportation Cabinet are **DISMISSED**, with prejudice. Likewise, the claims for monetary damages asserted against Defendant Moore in his official capacity are **DISMISSED**, with prejudice.

2. Count Three of the plaintiff's Complaint is **DISMISSED**, with prejudice.

3. Count Four of the plaintiff's Complaint is **DISMISSED**, with prejudice.

4. The plaintiff's claims for injunctive relief relating to failure to remove information from data bases regarding the allegedly wrongful citation and arrest are **DISMISSED**, with prejudice.

5. Defendant Commercial Vehicle Enforcement's motion to dismiss [Record No. 6] is **GRANTED**. All claims asserted against this defendant are **DISMISSED**, with prejudice.

This 10th day of November, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge