**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT FRANKFORT**

| | |
|---|---|
| **DAN E. FITCH** | ) |
| **Plaintiff** | ) ) ) ) |
| v. | ) Civil Action No. 3:10-cv-00049-DCR ) |
| **KENTUCKY STATE POLICE**, et al | ) ) ) **Electronically filed** ) |
| **Defendants** | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR RELIEF FROM ORDER**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Dan E. Fitch ("Mr. Fitch") respectfully seeks relief from that portion of the Court's November 10, 2010 Order which dismisses his claims against Defendant Kentucky State Police ("KSP") under Title II of the Americans with Disabilities Act on grounds of Eleventh Amendment immunity. In Support of this Motion, Plaintiff respectfully files the following Reply to KSP's November 15, 2010 Response.

**ARGUMENT**

**I.     KSP does not possess Eleventh Amendment immunity from the claims which Plaintiff brought under Title II of the Americans with Disabilities Act.**

Plaintiff respectfully seeks relief from that portion of the Court's November 10, 2010 Order which dismissed Mr. Fitch's ADA claim on Eleventh Amendment immunity grounds. Citing *Robinson v. University of Akron Law School,* 307 F.3d 409 (6th Cir. 2002), KSP argued to the Court that it was immune under the Eleventh Amendment from claims brought against it under Title II of the Americans with Disabilities Act ("ADA"). In accordance with this understanding, the Court dismissed Plaintiff's ADA claims from this action.

Contrary to KSP's position that it was entitled to Eleventh Amendment immunity from Plaintiff's claims arising under Title II of the ADA, in the Supreme Court's subsequent decisions - *Tennessee v. Lane,* 541 U.S. 509 (2004) and *United States v. Georgia,* 546 U.S. 151 (2006) – the Court allowed plaintiffs to proceed against state-entities under Title II of the ADA. Underlying these decisions was the clear understanding that Congress' abrogation of the Eleventh Amendment vis-à-vis Title II of the ADA could constitute a valid exercise of Congress' remedial powers under Section 5 of the Fourteenth Amendment. Pursuant to the Supreme Court's contrary holdings in *Tennessee v. Lane* and *United States v. Georgia,* Plaintiff respectfully submits that Defendant's reliance upon the earlier decision in *Robinson v. University of Akron Law School,* 307 F.3d 409 (6th Cir. 2002) was misplaced and therefore not appropriate grounds for dismissing Mr. Fitch's Title II claims under the ADA.

Tacitly acknowledging this fact, KSP studiously avoids any mention of *Robinson* is its Response brief. Implicitly conceding that it does not enjoy *carte blanche* Eleventh Amendment immunity from Mr. Fitch's Title II claims, KSP instead cites to *Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010) and takes the position that Plaintiff's Complaint does not contain sufficient factual allegations to establish that Congress' abrogation of the Eleventh Amendment was valid in this instance.

Contrary to Defendant's position, however, the Federal courts have not abandoned "the liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 8(a)(2) still requires only a "short plain statement of the claim showing that the pleader is entitled to relief. " *Id.* at 93. A Plaintiff's Complaint need not preemptively address every imagined defense and issue that a Defendant could theoretically raise via dispositive motion. This is particularly true in the instant case, where the real issue before

2

the Court is whether Congress – a co-equal branch which is entitled to due deference by the Court – properly exercised congressional authority within the strictures of Section 5 of the Fourteenth Amendment in abrogating Eleventh Amendment immunity for claims arising under Title II of the ADA.  To make such a determination of Congressional authority hinge upon what facts a plaintiff initial complaint contains is a simply recipe for judicial usurpation.

Plaintiff's Complaint contains ample details of KSP's specific failures to accommodate disabled individuals suffering from diabetes and deficits in equilibrium vis-à-vis making a determination of intoxication.  Contrary to commonsense, it is apparently not standard practice to utilize breath test equipment in these situations.  Instead, as the facts set forth in Plaintiff's Complaint document, neither Officer Pigman nor the weigh station were equipped with breath test equipment.

Moreover, contrary to Defendant's suggestion that Plaintiff is simply attempting to make KSP vicariously liable for the acts of a single errant officer, Plaintiff's Complaint establishes that all five of the KSP employees involved in this incident failed to properly test Mr. Fitch or recognize that his diabetes was the source of the fruity odor emanating from him.  In other words, far from a single isolated incident, the facts set forth in Plaintiff's Complaint establish that this is a systemic problem with KSP's testing and training procedures.  Accordingly, Plaintiff's Complaint contains sufficient factual allegations for the Court to find that Congress' abrogation of Eleventh Amendment immunity is valid in the instant case.

**II.    Plaintiff's Complaint sets forth a valid claim under Title II of the ADA.**

Abandoning the pretense that it is immune under the Eleventh Amendment, KSP argues that Plaintiff's Complaint fails to state a valid cause of action under Title II of the ADA. Referencing the Eleventh Circuit Court of Appeals ruling in *Bircoll v. Miami-Dade County*, 480

F.3d 1072 (11*th* Cir. 2007), KSP appears to take the blanket position that pre-arrest DUI detection procedures are not subject to Title II of the ADA. As the *Bircoll* Court itself notes, Title II of the ADA not only prohibits discrimination tied to services, programs and activities,[1] it also protects disabled individuals from being subjected to discrimination by governmental entities and their agents. *Id.* at 1084 – 85. Hence, it is axiomatic that pre-arrest procedures which subject the disabled to unnecessary discrimination are strictly prohibited by Title II of the ADA.

At issue in *Bircoll* was whether specific roadside sobriety tests performed by an arresting officer were appropriate under the circumstances. Emphasizing the highly-fact specific nature of this inquiry, the Court's opinion in *Bircoll* expressly eschews a blanket rule and concludes that "[w]hat is reasonable must be decided case-by-case based upon numerous factors." *Id.* at 1086.

In the matter currently before the Court, KSP suggests no reason why performing a breath test would have been unreasonable under the circumstances. Inapposite to the case in *Bircoll*, Mr. Fitch was simply asking for a reasonable accommodation – a breath test – in light of his disabilities. No urgent exigent circumstances were present. Given the stakes to Mr. Fitch – false arrest, imprisonment and job loss – such a request seems imminently reasonable. Accordingly, the Court should reject KSP's sweeping proposition that Title II of the ADA is inapplicable to all pre-arrest DUI detection procedures.

## CONCLUSION

WHEREFORE, Plaintiff Dan Fitch respectfully moves this Court to grant his motion for relief under Fed. R. Civ. P. 60(b)(1), enter the proposed Order attached to his original motion for relief and allow him to proceed with his claims against the Defendants under Title II of the ADA.

---

[1] It is also patently apparent that Mr. Fitch was using a government service or program – the truck weigh station – when the incident that is the subject of this action occurred.

Respectfully submitted,

/s/   Kevan M. Doran_____
KEVAN M. DORAN
Doran Law Office
436 South 7th Street, Suite 200
Louisville, Kentucky 40203
Phone:  (502) 855-3151
Fax: (502) 855-3166
kdoran@thedoranlawoffice.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via CM/ECF on this 29th day of November, 2010 upon the following:

William H. Fogle
Kentucky Transportation Cabinet,
Office of Legal Services
200 Mero Street, 6th Floor
Frankfort, Kentucky 40622
William.fogle@ky.gov
*Counsel for Defendant Kentucky Transportation Cabinet*

James C. Pusczewicz
436 South 7th Street, Suite 200
Louisville, Kentucky  40203
jimsarasota@yahoo.com
*Co-Counsel for Plaintiff*

and

Roger G. Wright
Christian M. Feltner
919 Versilles Road
Frankfort, KY 40601
502-695-6318 – phone
502-573-1636 – fax
RogerG.Wright@ky.gov
Matt.Feltner@ky.gov
*Counsel for Defendants Kentucky State Police, Commercial Vehicle Enforcement and William Moore*

Grover A. Carrington
White Peck Carrington LLP
PO Box 950
Mt. Sterling, Kentucky 40353
gcarrington@whitepeckcarrington.com
*Counsel for Joshua Pigman*

/s/   Kevan M. Doran_____
Kevan M. Doran
*Co-counsel for Plaintiff*