UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DAN E. FITCH, | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-49-DCR |
| V. | ) | |
| KENTUCKY STATE POLICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On November 10, 2010, this Court granted summary judgment in favor of Defendants Kentucky State Police (KSP) and William Moore with respect to several claims asserted in this action by Plaintiff Dan Fitch. The Court also dismissed the claims asserted against Defendant Commercial Vehicle Enforcement, because it is not a legal entity capable of being sued apart from Defendant KSP.

With respect to Count Four, the Court recognized that, while a claim may be asserted under Title II of the Americans with Disabilities Act based on an alleged denial of due process, the plaintiff did not allege such in his complaint. Instead, Fitch asserted a disparate impact equal protection claim which was not viable under Title II based on the allegations contained in the complaint. Likewise, Fitch failed to allege a necessary element of a claim under the Rehabilitation Act; that is, that the entity receives federal funding. And after noting that an arrest does not fall within the definition of another necessary element of a claim under the ADA or the Rehabilitation Act (*i.e.,* that the plaintiff is "otherwise qualified" for participation in the

program), the Court recognized that the claim outlined in Count Four could not proceed against Defendant Moore because there is no individual liability under either act. [Record No. 18]

Plaintiff Fitch has now asked the Court to reconsider its prior ruling regarding Count Four. [Record No. 20] However, after considering the Plaintiff's untimely response, the Court does not believe that its prior ruling should be altered or amended in any way. As noted in the defendant's brief opposing the plaintiff's current motion, Fitch's complaint contains only a general allegation of failure to train. It does not assert any specific facts regarding how or why KSP's current training curriculum is inadequate. Thus, Count Four is essentially a claim based on vicarious liability for an alleged unlawful arrest by one of its employees. Under *Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010) (outlining three-step analysis to be followed in determining whether sovereign immunity has been abrogated by a state entity under Title II of the ADA), the plaintiff's allegations are insufficient to state a claim under Title II of the ADA. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

In addition, as the defendants correctly point out, the plaintiff's allegations against the KSP concern the adequacy of pre-arrest DUI detection procedures, not a post-arrest accommodation of a pretrial detainee's asserted disability. Under the facts alleged, such a claim fails under Title II of the ADA. *See Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1085 (11th Cir. 2007). As the court noted in *Bircoll*, the exigent circumstances of a DUI arrest on the roadside [or at a weigh station] are different from those which occur at an office, school, or police station. *Id.* at 1086. While the inquiry may be highly fact-specific, in light of safety

concerns presented and the need for an immediate on-the-street response by police officers, the facts alleged by Fitch are insufficient to state a claim under the ADA.

Having reconsidered its prior ruling regarding the defendants' motions in light of the additional arguments and authorities provided by the parties, it is hereby

**ORDERED** that Plaintiff Dan Fitch's Motion for Relief from Order [Record No. 20] is **DENIED**.

This 8th day of December, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge